IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA RENTERIA, | § | |
|     Plaintiff, | § | |
| v. | § | NO. EP-13-CV-0027-PRM |
| | § | (-LS by consent) |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), Rule CV-72, and Appendix C of the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

On August 28, 2009, Plaintiff filed an application for disability insurance benefits, alleging

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

a disability onset date of September 11, 2005. (R:15)[2] Her application was denied initially and on reconsideration. (R:15, 58-59, 66, 71) Plaintiff filed a request for a hearing, which was conducted on October 24, 2011. (R:15, 36-57) At the hearing, Plaintiff amended her onset date to October 30, 2009. (R:15, 42) The Administrative Law Judge ("ALJ") issued a decision on December 29, 2011, denying benefits. (R:15-25) The Appeals Council ("AC") denied review on December 10, 2012. (R:1-5) Plaintiff initiated the instant suit for judicial review on January 31, 2013. [ECF No. 1] This matter was reassigned to United States Magistrate Judge Leon Schydlower on December 8, 2015. [ECF No. 20]

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

Specifically, Plaintiff contends that the ALJ erred in finding that she was capable of performing her past relevant work. She argues that the ALJ failed to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles regarding the requirements of her past relevant work as a jewelry polisher. [ECF No. 18] Had the ALJ properly resolved the conflict, she argues, the ALJ would have found that she could not perform her past relevant work and would have found her disabled. Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings. Defendant responds that the ALJ used the

---

[2] Reference to the Administrative Record, contained in Docket Entry Number 15, is designated by and "R" followed by the page number(s).

proper legal standards and that substantial evidence supports the ALJ's findings and conclusions. [ECF No. 19]

## DISCUSSION

### I. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.* A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4)

whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520.

The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant can perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520. However, if the claimant has shown she cannot perform her previous work, the burden shifts to the Commissioner to show that there is other work available that the claimant can perform. *Crowley v. Apfel*, 197 F.3d. 194, 198 (5th Cir. 1999). If the Commissioner establishes other potential employment, the burden shifts back to the claimant to prove she is unable to perform the alternative work. *Id.* A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis. *Leggett*, 67 F.3d at 564. The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commission made an error of law. *Id.*

### III. ALJ's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since October of 2009, thus moving the evaluation process beyond step one. (R:17) With respect to step two, the ALJ found that Plaintiff had severe physical impairments to include degenerative joint disease, bilateral knees; degenerative joint/disc disease of the lumbar spine; obesity; hypertension; and diabetes. (R:17) For purposes of step three, however, the ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the severity of the listed impairments. (R:19)

At step four, the ALJ determined after examining the entire record that Plaintiff retained the

functional capacity to perform sedentary work with the following limitations: she could only occasionally climb ramps or stairs; she could never climb ladders, ropes, scaffolds; and she could never stoop, crouch, kneel, or crawl. Moreover, the ALJ determined that Plaintiff could stand for a maximum of two hours in an eight-hour day and could sit for only an hour before needing to change position.[3] (R:20) Based upon a vocational expert's responses to hypothetical questions incorporating the ALJ's findings on Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform her past relevant work as a jewelry polisher, which is defined as sedentary semiskilled work. Consequently, he found that she was not disabled through December 31, 2010, the date she was last insured. (R:24)

## IV. Hearing Testimony

At the hearing held on October 24, 2011, Plaintiff testified that she stopped working as a jewelry polisher only because the jewelry factory at which she worked closed. (R:44) Plaintiff explained that when she worked as a jewelry polisher she would stand for an hour and then sit for an hour, depending on the requirements of the machine she was using. She testified that she could not work as a jewelry polisher now because of pain and arthritis in her hands and because of her problems with sitting and standing. (R:45, 47) She testified that she could sit for about 45 minutes before feeling pain, and could stand for about 15 minutes at a time. (R:47) She also testified that she had trouble walking and lifting things. (R:48)

---

[3] "Sedentary" work is defined as work involving "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). "Occasionally" means occurring up to one-third of the time, and generally means no more than about two hours in an 8-hour workday. *See* SSR 96-9p; *see also Dictionary of Occupational Titles*, Appendix C.

A vocational expert ("VE") testified and classified the jewelry polisher job as sedentary and semi-skilled under the Dictionary of Occupational Titles (DOT). (R:53) The ALJ instructed the VE to advise the ALJ if any of the VE's testimony was inconsistent with the DOT. (R:53) The ALJ asked the VE if a person with Plaintiff's age, education, and work background could perform a range of sedentary work if the person could stand for a maximum of two hours in an eight-hour day and could only sit for one hour before needing to change positions. The VE responded that such a person could perform the sedentary work. (R:54) The ALJ then asked the VE if the person could still perform the work if additional postural limitations were incorporated. The VE responded that such additional postural limitations would not impact job performance. (R:54)

On cross examination, Plaintiff's counsel asked the VE whether the job of jewelry polisher had "a sit/stand option at will." The VE responded that she did not believe so. Plaintiff's counsel then asked whether the DOT's description of "jewelry polisher" required "just sitting." The VE responded that the DOT classifies the job "as a sedentary occupation."(R:54)

## V. The ALJ's Disability Determination is Supported by Substantial Evidence

Plaintiff's only argument is that the ALJ failed to resolve an alleged conflict between the VE's testimony and the DOT concerning a "sit/stand option at will." Where there is a conflict between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony provided there is an adequate basis for doing so. *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000). Under Social Security Ruling 00-4p, the ALJ has an affirmative duty to reconcile and explain any conflicts between the VE's testimony and the DOT. *Id.* When there is a conflict, neither the DOT nor the VE's testimony automatically trumps the other. *Id.* Rather, the conflict must be resolved by determining whether the VE's testimony is reasonable and provides a basis for relying upon it over the DOT

information. *Id.*

The VE testified that an individual could perform Plaintiff's past work as a jewelry polisher if that person retained the capacity to sit for a maximum of one hour before needing to "get up and *change positions*." Although the DOT is silent about a "sit/stand option at will," the VE clarified that the DOT classifies the job of the jewelry polisher job as a "sedentary position." A sedentary position "involves sitting...(and) walking and standing are required occasionally..." 20 C.F.R. § 404.1567(a). "Occasionally" means occurring up to one-third of the time, and generally means no more than about two hours in an eight-hour workday. *See* SSR 96-9p.

There is, then, no conflict in matching an employee who needs to get up and *change position* every hour with a position that "involves sitting" and "occasional" standing. Indeed, Plaintiff herself testified that when she worked as a jewelry polisher she would sit for only an hour at a time. (R:45) Finally, no one, to include the ALJ, the VE, and Plaintiff in this action, has ever asserted that Plaintiff required a "sit/stand option at will."

An ALJ may rely upon a vocational expert's testimony about the need for alternatively sitting and standing in the workplace. *Jones v. Apfel*, 174 F.3d 692, 694 (5th Cir. 1999). The "value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986). The DOT, however, lists the maximum requirements of each occupation as generally performed, not the range of requirements of a particular job as it is performed in specific settings. *See* SSR 00-4p. A VE, then, may be able to provide more specific information about jobs or occupations than the DOT. *Id.*

At the beginning of the VE's testimony, the ALJ instructed the VE to advise him if any of

the VE's testimony was inconsistent with the DOT. The VE did not indicate that any of her testimony was inconsistent with the DOT. The record confirms that there was no conflict between the VE's testimony and the DOT. The ALJ posed hypothetical questions to the VE, reasonably incorporating the limitations found by the ALJ in his residual functional capacity determination. Moreover, the ALJ found Plaintiff's testimony not entirely credible concerning the severity of her limitations. (R:24) The ALJ found that Plaintiff could perform her past relevant work as generally performed.

In sum, review of the record supports the ALJ's findings and disability determination. Plaintiff's subjective complaints are insufficient to support her claims of disability. Consequently, the Court finds that substantial evidence supports the ALJ's disability determination and that the ALJ applied correct legal standards in reaching his determinations.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

SIGNED and ENTERED on February 23, 2016.

LEON SCHYDLOWER
United States Magistrate Judge